(16 Misc. Rep. 76.)

### GREEN v. WECKLE.

(Supreme Court, Appellate Term, First Department.  February 26, 1896.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
    A verdict based upon conflicting evidence will not be disturbed as against the weight of the evidence.
2. LANDLORD AND TENANT—RECITAL IN RENT RECEIPT—CONCLUSIVENESS.
    The fact that the receipts for rent signed by the landlord recited that the letting was for one month only, was not sufficient to show that the lease was not for one year, in the face of an actual agreement between the parties that the tenancy should continue for that period.
3. STATUTE OF FRAUDS—LEASE—COMMENCEMENT IN FUTURO.
    A verbal agreement between a landlord and his tenant that the tenancy, theretofore from month to month, should continue from May 1, 1895, to May 1, 1896, made while the tenant was in possession, and after the ac-

crual of the rent for April, 1895, was a lease for one year, to commence in futuro, and was not repugnant to the statute of frauds.

4. SAME—EVIDENCE—MATERIALITY.
  It was immaterial in such case whether the tenant would have paid the rent for April, 1895, if the verbal agreement had not been made.

Appeal from Ninth district court.

Summary proceedings by John J. Green, as landlord, against John Weckle, as tenant, to dispossess the latter of premises of which he was in occupancy. From a final order on a verdict awarding possession to the tenant, the landlord appeals. Affirmed.

Argued before McADAM and BISCHOFF, JJ.

W. E. Benjamin, for appellant.
A. E. Hageman, for respondent.

BISCHOFF, J. The appellant sought to dispossess the respondent upon the assumption that the latter held over his term as a monthly tenant after the statutory notice to quit had been given. The defense was that a verbal lease for one year had been entered into, and upon a direct conflict of evidence this defense prevailed. We are asked to reverse the order upon the evidence, but fail to find that the preponderance is with the appellant, and in consonance with familiar rules, the jury's determination upon conflicting testimony is not to be disturbed.

The fact that the receipts for rent, signed by the landlord, bore the words, "Terms of letting, one month only," does not show that the lease was not for a year, if the parties had actually agreed that it should be, and the conclusion that they had is founded upon acceptable proof.

A point is made that the agreement was in contravention of the statute of frauds, in that it provided for a tenancy from May 1, 1895, to May 1, 1896, and that it was made while the tenant was in possession before the accrual of the April rent. Thus, it is claimed that the verbal lease was for 13 months instead of 12, and so void. From the receipts in evidence, and from the understanding of the parties, it appears, without contradiction, that the April rent was payable in advance, and was therefore due prior to the date of the agreement which was made on the 4th day of that month. Therefore the lease was properly viewed as for a year, to commence in futuro, and, as such, was not repugnant to the statute. Moreover, the statute of frauds was not alluded to upon the trial, and the whole question litigated was as to the termination of the tenancy by the five-days notice.

The appellant claims that there was error in the exclusion of a question asked the defendant, whether he would have paid his April rent if the verbal agreement of lease had not been made. The question, in view of the attitude taken upon the trial, certainly appeared to be immaterial, and was very vague, if supposed to touch the question of the statute of frauds; but, at all events, the exclusion was proper, since the duty to pay the rent at that time was apparent, and the matter was not, legally, one admitting of a choice upon the tenant's part.

Final order affirmed, with costs.